UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY WOOTEN, #41211                                                              PETITIONER

VERSUS                                                CIVIL ACTION NO. 3:15cv694-DPJ-JCG

STATE OF MISSISSIPPI, COMMISSIONER
MARSHALL FISHER, and DEPUTY
COMMISSIONER CHRISTY GUTHERZ                                          RESPONDENTS

ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner Larry Wooten, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Petition for habeas corpus relief. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

I.      Background

Wooten is currently serving a term of imprisonment for drug convictions, including a conviction for possession of cocaine entered by the Rankin County Circuit Court. Wooten challenges the calculation of his prison sentence after the revocation of his probation or post-release supervision, as well as the termination of his stay of execution and suspension of sentence. *See* Am. Pet. [8]; Attach. [8-1] at 2  3 (Order of Revocation).[1] Wooten contends that MDOC is miscalculating his term of imprisonment and thus altering his release date. Pet. [1] at 4  5. Specifically, Wooten maintains that he is currently serving a three-year term of imprisonment for his possession of cocaine conviction but MDOC records reflect that he is

---

[1]Page numbers refer to ECF pagination.

serving a five-year term of imprisonment for this conviction.[2]  *Id.*  Wooten is seeking release from his term of imprisonment for possession of cocaine.

II.     Discussion

Habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Wooten is clearly challenging the duration of his confinement and seeking a speedier release from incarceration.

Before Wooten may pursue federal habeas relief, he must have first exhausted his claims in state court.  *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) ("[A] defendant must exhaust all claims in state court prior to requesting federal collateral relief." ).  To satisfy the exhaustion requirement, the substance of the federal claim must have been fairly presented to the highest state court.  *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004).  A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

In order to determine if Wooten exhausted the state remedies available to him, the Court entered an Order [5] directing Wooten to file an Amended Petition to:  (1) specify all the grounds for habeas relief available to him and state facts supporting each ground; (2) state if he has filed

---

[2]It appears from the documents submitted by Wooten that in relation to his possession of cocaine sentence, his three-year term of probation or post-release supervision was revoked and the suspension of his five-year term of imprisonment was terminated.  *See* Attach. [8-1] at 1(Prisoner Commitment Notice), 2  3 (Order of Revocation).  Wooten also submitted a prison time sheet reflecting that he has two other drug convictions from Rankin County.  *Id*. at 10 (MDOC Sentence Computation Record).

an appeal of his MDOC administrative remedy final response regarding the claims presented in this case with the state courts; (3) state whether he has filed any petitions, applications, or motions with respect to the grounds presented in this case in any state or federal court; and (4) state whether he has "filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29, regarding the claims presented in this case." Order [5] at 2.

In his Amended Petition, Wooten states that he has not filed an appeal of the decision rendered by the MDOC administrative remedy program with the state courts. Am. Pet. [8] at 3. Wooten further states that he has not filed any other petitions or applications with respect to the grounds presented in this case with the state courts. *Id.*

To satisfy the exhaustion requirements, Wooten must challenge the decision rendered by the MDOC administrative remedy program in the state courts. *See* Miss. Code Ann. §§ 47-5-801 to -807 (1972); *e.g.*, *Lee v. Kelly*, 34 So. 3d 1203, 1205 (Miss. Ct. App. 2010) (challenging MDOC's computation of sentence and eligibility for release); *Stokes v. State*, 984 So. 2d 1089, 1090  91 (Miss. Ct. App. 2008) (appealing MDOC's denial of administrative remedy regarding calculation of sentence). Since Wooten plainly states that he has not filed an appeal of the denial of his administrative remedy or any other challenge to his sentence calculation with the state courts, it is clear that he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and § 2254(c). As such, Wooten's request for habeas relief is denied for failure to exhaust his available state court remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

III.     Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied.  A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2015.

                                             s/ *Daniel P. Jordan III*
                                             UNITED STATES DISTRICT JUDGE